UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,

    Plaintiff,

vs.

SETAREH FAMILY LIMITED PARTNERSHIP;
ABBEY SETAREH and JACQUELINE
SETAREH, as Partners of Setareh Family Limited
Partnership; and J&P BANGKOK
HOSPITALITY LLC,

    Defendants.

## COMPLAINT

Plaintiff, CARLOS RUIZ FLOREZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, SETAREH FAMILY LIMITED PARTNERSHIP; ABBEY SETAREH and JACQUELINE SETAREH, as Partners of Setareh Family Limited Partnership; and J&P BANGKOK HOSPITALITY LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

### JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a bar/restaurant located at 254 5th Avenue in New York, NY 10001 (hereinafter, the "Subject Premises").

1

3. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

4. Plaintiff, CARLOS RUIZ FLOREZ, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffered a spinal cord injury as a child complete from the T-7 to T-11, has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

5. Defendant, SETAREH FAMILY LIMITED PARTNERSHIP; ABBEY SETAREH and JACQUELINE SETAREH, as Partners of Setareh Family Limited Partnership (hereinafter, the "PARTNERSHIP"), is a domestic limited partnership which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, PARTNERSHIP, is the owner of the Subject Premises.

6. Defendant, J&P BANGKOK HOSPITALITY LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, J&P BANGKOK HOSPITALITY LLC, is the owner/operator of the bar/restaurant "KRAAM" located at the Subject Premises.

7. According to the New York State Liquor Authority, the Defendant, J&P BANGKOK HOSPITALITY LLC, d/b/a KRAAM, was issued an On Premises Wine license on May 6, 2024 for the Subject Premises.

8. KRAAM, located at 254 5th Avenue in New York, NY, is a dining establishment offering a menu inspired by various regions of Thailand. The restaurant provides a selection of traditional Thai dishes, including Pad Thai, Massaman Curry, and Tom Yum Seafood, as well as unique offerings such as Lobster Woonsen Pad Thai and Crispy Soft Shell Crab Karee. The interior

features a contemporary design with elements reflecting Thai culture, creating a welcoming atmosphere for patrons. The Plaintiff appreciates the quality of the cuisine and the ambiance at KRAAM. However, despite the Plaintiff's appreciation for the establishment, significant accessibility barriers hinder their ability to fully enjoy the dining experience, in violation of the ADA.

9. In addition to his personal interest in accessing the offerings of KRAAM, Plaintiff has longstanding ties to the surrounding area, which is situated within a culturally rich section of Manhattan that he frequently visits. The neighborhood features a variety of galleries, studios, and exhibition spaces that reflect Plaintiff's deep engagement in the arts. He often attends events and performances in the vicinity and regularly meets with other artists and friends nearby. Plaintiff visits the area frequently for its creative energy and cultural appeal and considers it an important part of his personal and artistic routine. These connections underscore Plaintiff's legitimate interest in accessing the goods and services offered at KRAAM on equal terms with non-disabled patrons.

## FACTUAL ALLEGATIONS AND CLAIM

10. On or about October 2024, and again on or about March 10, 2025, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury.

11. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

12. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are

removed.

13. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

14. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

15. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

16. As the Subject Premises received its State Licensure in 2024, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure

17. The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

18. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

19. Plaintiff has experienced direct and indirect injury as a result of the physical barriers

and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

20. On or about October 2024, and again on March 10, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

21. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

22. Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

23. Defendants, PARTNERSHIP and J&P BANGKOK HOSPITALITY LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

24. PARTNERSHIP, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

25. J&P BANGKOK HOSPITALITY LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

26. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1. <u>The Entrance</u> – There is no accessible entrance. No accessible route or means of egress is provided, and an existing step obstructs access. Required maneuvering clearance is not provided at the two doors, and there is a non-compliant change in floor level within the required maneuvering clearance at the first door in violation of ADAAG 206, 207, 402, 403, and 404.

2. <u>The Bar</u> – The bar is too high, lacks required toe clearance, and does not provide an accessible portion in violation of ADAAG 226 and 902.

3. <u>The Barside Dining Tables</u> – The barside dining tables are too high, lack required knee and toe clearance, and do not meet the minimum number of accessible tables in violation of ADAAG 226 and 902.

4. <u>The Main Dining Area Tables</u> – The tables in the main dining area are inaccessible. Required knee and toe clearance is not provided, and the minimum number of accessible tables is not met in violation of ADAAG 226 and 902.

5. <u>The Restrooms</u> – There is an inaccessible route to the restrooms due to a stair flight; signage identifying the two restrooms is not provided; required maneuvering clearance is not provided at the restroom doors; restroom doors swing into the required floor space; door locks are mounted above maximum height and require pinching or twisting of the wrist; water closets lack required clearance; grab bars are missing on rear and side walls; the flush control in one restroom is located on the closed side; the urinal in one restroom lacks required approach width, clear floor space, and is mounted too high; lavatories lack required knee and toe clearance, and one is mounted above maximum height; pipes under lavatories are not insulated; both mirrors are mounted too high; coat hooks are mounted above maximum reach range; one water closet is too far from the side wall; and the toilet paper dispenser is positioned outside the allowable range in violation of ADAAG 206, 213, 216, 402, 403, 404, 603, 604, 605, 606, and 308.

27. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff

to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

28. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Subject Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

29. Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

30. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

31. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**RELIEF SOUGHT**

32. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

33. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

34. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

June 23, 2025

                                Respectfully submitted,

                                */s/ Jennifer E. Tucek, Esq.*
                                Law Office of Jennifer Tucek, PC
                                Bar No. JT2817
                                641 Lexington Avenue, 15th Floor
                                New York, New York 10017
                                (917) 669-6991
                                TucekLaw@Gmail.com
                                *Attorney for Plaintiff*